JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIOT GAMES, INC., a Delaware Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEFAN DELGADO ARGOTE a/k/a "Ohm" and "Burberry"; MATTHIAS OLTMANN a/k/a "Joduskame," "Rolle3k," and "Sheppard"; TYRONE TOM PAUER a/k/a "Beaving"; CHACHANI MISTI Y PICHU PICHU S.R.L., a company organized under the laws of Peru; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CASE NO. 2:16-cv-5871-RSWL-AJW<br><br>Honorable Ronald S.W. Lew<br><br>**PERMANENT INJUNCTION, CONSENT JUDGMENT, AND DISMISSAL WITHOUT PREJUDICE [44]** |

///

///

///

Pursuant to the Parties' Stipulation dated February 28, 2017, the Court hereby orders that judgment is entered against defendants Stefan Delgado Argote, Matthias Oltmann, Tyrone Tom Pauer, Chachani Misti y Pichu Pichu, S.R.L., Jaime Rosalino Prado Lira, and Alquiles Ivan Delgado Argote (collectively "Defendants") as follows.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED as follows:**

1. Judgment shall be entered against Defendants on the First, Second, and Third Claims for Relief in the amount of ten million U.S. dollars ($10,000,000) from all Defendants, payable pursuant to the terms set forth in the Parties' Confidential Settlement Agreement and Release.

2. Defendants, all persons acting under Defendants' direction or control (including but not limited to Defendants' agents, representatives, and employees), and those persons or companies in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, shall immediately and permanently cease and desist from any of the following:

   (a) taking any steps on Defendants' own behalf or assisting others in creating, distributing or otherwise making available any software whose use infringes any of Riot's copyrights, patents, or trademarks (Riot's "Intellectual Property"), circumvents technological measures that control access to Riot's games, or violates Riot's Terms of Use ("TOU"), including but not limited to the software product known as Leaguesharp, and any other software product designed to exploit or enable the exploitation of "League of Legends" or any other game owned, published, or operated by Riot or a Riot subsidiary;

    (b)    obtaining, possessing, accessing or using any software whose use by Defendants infringes any of Riot's Intellectual Property, circumvents technological measures that control access to Riot's games, or violates the TOU, including but not limited to the software product known as Leaguesharp, and any other software product designed to exploit or enable the exploitation of "League of Legends" or any other game owned, published, or operated by Riot or a Riot subsidiary;

    (c)    selling, reselling, or processing payments for any software whose use infringes any of Riot's Intellectual Property, circumvents technological measures that control access to Riot's games, or violates the TOU, including but not limited to the software product known as Leaguesharp, and any other software product designed to exploit or enable the exploitation of "League of Legends" or any other game owned, published, or operated by Riot or a Riot subsidiary;

    (d)    assisting in any way with the development of software whose use infringes any of Riot's Intellectual Property, circumvents technological measures that control access to Riot's games, or violates the TOU, including but not limited to the software product known as Leaguesharp, and any other software product designed to exploit or enable the exploitation of "League of Legends" or any other game owned, published, or operated by Riot or a Riot subsidiary;

    (e)    sharing, copying or distributing any software whose use infringes any of Riot's Intellectual Property, circumvents technological measures that control access to Riot's games or violates the TOU, including but not limited to the software product known as Leaguesharp, and any other software product designed to exploit or enable the exploitation of "League of Legends" or any other game owned, published, or operated by Riot or a Riot subsidiary;

Mitchell Silberberg & Knupp LLP

1      (f)    publishing or distributing any source code or instructional material for
2  the creation of software whose use infringes any of Riot's Intellectual Property
3  rights, circumvents technological measures that control access to Riot's games or
4  violates the TOU, including but not limited to the software product known as
5  Leaguesharp, and any other software product designed to exploit or enable the
6  exploitation of "League of Legends" or any other game owned, published, or
7  operated by Riot or a Riot subsidiary;

9      (g)    operating, assisting or linking to any website designed to provide
10 information to assist others in accessing, developing or obtaining any software
11 whose use infringes any of Riot's Intellectual Property rights, circumvents
12 technological measures that control access to Riot's games or violates the TOU,
13 including but not limited to the software product known as Leaguesharp, and any
14 other software product designed to exploit or enable the exploitation of "League of
15 Legends" or any other game owned, published, or operated by Riot or a Riot
16 subsidiary;

18     (h)    investing or holding any financial interest in any enterprise which
19 Defendants know or have reason to know is now, or intends in the future to be,
20 engaged in any of the activities prohibited by this Judgment and Permanent
21 Injunction.

23     (i)    playing any game owned, published, or operated by Riot or a Riot
24 subsidiary, including "League of Legends."

26     (j)    reverse engineering, decompiling, packet editing, or otherwise
27 manipulating without authorization, any game owned, published, or operated by

Riot or a Riot subsidiary, including "League of Legends," or providing assistance to any person or entity engaged in such activities.

(k) accessing any computer or account owned, controlled or possessed by Riot or a Riot employee or any authorized agent or representative of Riot without Riot's prior, written permission.

3. Defendants shall take all necessary steps to transfer and assign to Riot ownership of the following domain names: leaguesharp.info, leaguesharp.me, leaguesharp.org, botoflegends.net, botoflegends.org, leagueoflegendsscripts.com, lolaccounts.io, and lolscripts.com.

4. Defendants shall take all necessary steps to transfer and assign to Riot the source code for the software product known as Leaguesharp pursuant to the terms set forth in the Parties' Confidential Settlement Agreement and Release.

5. Defendants are ordered to destroy any software product whose use infringes any of Riot's Intellectual Property, circumvents technological measures that control access to Riot's games, or violates Riot's Terms of Use ("TOU"), including but not limited to the software product known as Leaguesharp, and any other software product designed to exploit or enable the exploitation of "League of Legends" or any other game owned, published, or operated by Riot or a Riot subsidiary, pursuant to the terms set forth in the Parties' Confidential Settlement Agreement and Release.

6. Any company or entity that any Defendant controls in the future shall also comply with the provisions of this Judgment and Permanent Injunction.

7. Defendants irrevocably and fully waive notice of entry of the Judgment and Permanent Injunction and notice and service of the entered Judgment and Permanent Injunction and understand, confirm and agree that violation of the Judgment and Permanent Injunction will expose Defendants to all penalties provided by law, including contempt of Court.

8. Defendants irrevocably and fully waive any and all rights to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

9. Nothing contained in this Judgment and Permanent Injunction shall limit the right of Riot to seek relief, including without limitation damages, for any and all infringements by Defendants of Riot's Intellectual Property occurring after the date of this Judgment and Permanent Injunction.

10. This Judgment and Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution and entry by the Court.

11. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment and Permanent Injunction.  Defendants consent to the personal jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the Judgment and Permanent Injunction.

12. The Court finds there is no just reason for delay in entering this Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil

1 Procedure 54, the Court directs immediate entry of this Judgment and Permanent
2 Injunction against Defendants.

3

4     13.   Riot's Fourth and Fifth Claims for Relief hereby are dismissed
5 without prejudice, each party to bear its own fees and costs.

6     The Clerk shall close this action.

7     IT IS SO ORDERED.

8

9 DATED: 3/1/2017               s/ RONALD S.W. LEW
10                                          The Honorable Ronald S.W. Lew
                                         Senior U.S. District Judge

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell Silberberg & Knupp LLP

6